IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENISE CAVANAUGH,                                CV 05-1573-MA

        Plaintiff,                           OPINION AND ORDER

v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

        Defendant.


TIM WILBORN
Wilborn & Associates, P.C.
2020-C S.W. 8th Ave., PMB #294
West Linn, OR 97068
(503) 697-7019

        Attorney for Plaintiff

KARIN J. IMMERGUT
United States Attorney
NEIL J. EVANS
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

1  - OPINION AND ORDER

RICHARD M. RODRIGUEZ
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-3748

        Attorneys for Defendant

MARSH, Judge.

This matter is before the court on defendant's Motion to Remand (#24) for further proceedings on the ground the Commissioner's final decision denying plaintiff Denise Cavanaugh's claims for disability insurance benefits and supplemental security income benefits pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 42 U.S.C. §1381-83f, is not supported by substantial evidence.  This court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g).

The parties agree the ALJ erred in finding plaintiff's part-time employment in 2000 as a housecleaner and cashier/checker amounted to substantial gainful activity, which could be considered as past relevant work for purposes of the ALJ's disability analysis.  The parties disagree, however, on the scope of the remand.

Defendant asserts the matter should be remanded solely for the purpose of requiring the ALJ to make a Step Five Finding based on the present record as to whether plaintiff is capable of performing other jobs that exist in significant numbers in the

national economy.

On the other hand, plaintiff asserts the matter should be remanded either for an award of benefits or for further proceedings whereby the ALJ, on an expedited basis, should (1) credit plaintiff's testimony, (2) credit the lay witness testimony, (3) further develop the record to include medical opinions regarding plaintiff's physical and mental limitations, and (4) address whether plaintiff's condition meets Listing 12.04.

For the following reasons, the court **GRANTS in part and DENIES in part** defendant's Motion to Remand for further proceedings.  The court rejects plaintiff's position that the matter should be remanded solely to award benefits but concurs that the remand should be more extensive than requested by defendant.

## DISCUSSION

**Plaintiff' Claim.**

On the date of the Commissioner's final decision, plaintiff was 40 years old.  She has worked as a ranch worker, mill worker, shelf stocker, house/motel cleaner, and cashier/checker. Plaintiff alleges she has been disabled since January 1, 1999, because of fibromyalgia, migraine headaches, fatigue, and depression.

On April 21, 2005, the ALJ found plaintiff was not disabled

3   - OPINION AND ORDER

and, therefore, was not entitled to an award of benefits. The Commissioner affirmed the ALJ's decision on appeal.

**The ALJ's Findings**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled. Bowen v. Yuckert, 482 U.S.137, 140 (1987). See also 20 C.F.R. § 404.1520. Plaintiff bears the burden of proof at Steps One through Four and the Commissioner bears the burden of proof at Step Five. See Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). Each step is potentially dispositive.

At Step One, the ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset of her disability in 1999.[1]

At Step Two, the ALJ found plaintiff has physical impairments of fibromyalgia, disc bulges at C4-6, and status post successful anterior diskectomy and fusion at C6-7, and a mental impairment of depressive disorder, that in combination, are severe under 20 C.F.R. §§404.1520(c) and 404.920(c)(an impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic

---

[1] The court notes this finding is supported by the evidence and directly contradicts the ALJ's erroneous conclusion in the body of his opinion that plaintiff engaged in work that amounted to substantial gainful activity in 2000, which in turn led to his erroneous finding at Step Four that plaintiff could perform her past relevant work.

4 - OPINION AND ORDER

work activities). The ALJ found plaintiff's migraine headaches do not amount to a severe impairment.

At Step Three, the ALJ found plaintiff has no impairment, when considered either alone or in combination with all of her severe or non-severe impairments, that meets or equals one of the listings set forth in 20 C.F.R. §§ 404.1520(a)(4)(iii) and (d) and 404.920(a)(4)(iii).

The ALJ found plaintiff had the residual functional capacity to perform "light or less work exertionally," and her non-exertional limitations "preclude performance of complex tasks."

At Step Four, the ALJ found plaintiff was able to perform her past relevant work as a "housekeeping cleaner and cashier/ checker." 20 C.F.R. §§ 404.1520(a)(4)(v) and 404.920(a)(4)(v).

The ALJ did not make a finding at Step Five based on his finding that plaintiff could perform past relevant work.

Consistent with the above findings, the ALJ found plaintiff was not under a disability and denied her claim for benefits.

On August 10, 2005, the Appeals Council's affirmation of the ALJ's decision became the final decision of the Commissioner for purposes of judicial review.

## **LEGAL STANDARDS ON JUDICIAL REVIEW**

The initial burden of proof rests on the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). To meet this

5 - OPINION AND ORDER

burden, a claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C § 423(d)(1)(A).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld, however, even if the "evidence is susceptible to more than one rational interpretation."  Andrews, 53 F.3d at 1039-40.

The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).  The duty to further develop the record, however is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  Mayes v. Massanari,

6  - OPINION AND ORDER

276 F.3d 453, 459-60 (9th Cir. 2001).

The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 121 S. Ct. 628 (2000). "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981).

## DISCUSSION

As stated above, defendant's remand proposal, limited to a Step Five determination regarding the availability of other work in the national economy, is too narrow and plaintiff's remand proposal for an award of benefits is too broad. I address each of plaintiff's alternative remand issues below.

**1. Crediting plaintiff's testimony.**

A claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged. . . .'" (the Cotton test). Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (quoting 42 U.S.C. § 423(d)(5)(A) (1988)). See also Cotton v. Bowen, 799 F.2d 1403, 1407-08 (9th Cir. 1986). A claimant need not produce objective medical evidence of the symptoms or their

7 - OPINION AND ORDER

severity. Smolen v. Chater, 80 F.3d 1276, 1281-82 (9th Cir. 1996).

If a claimant produces objective evidence that underlying impairments could cause the pain she complains of and there is no affirmative evidence to suggest the claimant is malingering, the ALJ must provide clear and convincing reasons for rejecting plaintiff's testimony regarding the severity of her symptoms. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). See also Smolen, 80 F.3d at 1283. To determine whether plaintiff's subjective testimony is credible, the ALJ may rely on (1) ordinary techniques of credibility evaluation such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) an unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. Id. at 1284 (citations omitted).

Plaintiff contends the ALJ should be required to credit her testimony that establishes she is unable to "sustain work-like activities for a combined total of 8 hours per day, 5 days per week (without unacceptably frequent absences)." Plaintiff argues that if such testimony is credited, the ALJ would be compelled to find plaintiff is disabled.

There is no affirmative evidence in the record that

8  - OPINION AND ORDER

plaintiff is a malingerer.  Accordingly, the ALJ was required to state clear and convincing reasons for rejecting her testimony regarding the severity of her impairments, i.e., the extent to which they affect her residual physical and mental functional capacities.

The ALJ gave as one of his reasons for discrediting plaintiff's testimony his opinion that plaintiff's description of the severity of her migraine headaches "far excee[ed] the objective medical evidence since [plaintiff] last complained of a headache more than two years before the hearing."  Tr. 17.  Plaintiff contends the ALJ is wrong and that she complained of headaches as late as March 17, 2004, only eight months before the hearing at which she testified.  The medical record for that date, however, reflects the treating physician, Brad Ward, M.D., referred to plaintiff's "headaches" only in the context of a "Health History Questionnaire" completed by plaintiff.  Following his examination, Dr. Ward diagnosed cervical spondylosis with neck and shoulder pain.  He did not diagnoses headaches, either migraine or otherwise.  Tr. 275.  In addition, in November 2003, plaintiff reported "she was not getting migraines" anymore.  She attributed the improvement possibly to the Zoloft medication she had been taking.  Tr. 281.  Although plaintiff stopped taking Zoloft in October 2004, there is nothing in her medical records to support her testimony at the hearing six weeks later that she

9 - OPINION AND ORDER

has "daily" headaches that are so severe they last for "three or four days" and sometimes for "weeks," causing her to be bedridden. Tr. 317. The record as to this issue supports the ALJ's concern as to plaintiff's credibility.

The ALJ also found plaintiff's daily activities were "inconsistent with allegations of total disability," noting she had performed part-time work house cleaning after she claimed she was disabled, walked up to 45 minutes for exercise, owned her own automobile, drove, did laundry twice a week and dusted once a week. The record, however, does not clearly reflect that plaintiff performed these daily activities routinely, on a sustained basis, and without assistance from family members.

Finally, the ALJ cited evidence of plaintiff's abuse of prescribed medications as support for his credibility determination, including the refusal of one physician to refill a vicodin prescription, and "confusion" by another physician over her request to be prescribed vicodin despite her previous statements that the medication did not help her. Tr. 190, 286.

I find this record supports the ALJ's finding that plaintiff's description of the severity of the pain she suffers is exaggerated. Accordingly, I conclude the ALJ did not err in failing to credit plaintiff's testimony regarding the severity of her impairments. The record, however, is ambiguous as to whether plaintiff exaggerated her physical limitations and the

10 - OPINION AND ORDER

ALJ's reasons for not crediting plaintiff's description of her daily activities is not clear and convincing.

Based on the ambiguity in this record, I reject plaintiff's request that, on remand, the ALJ should be required to credit as true her testimony regarding functional limitations. I also reject defendant's position that the ALJ's finding regarding plaintiff's credibility should be upheld in its entirety.

**2.   Crediting lay witness testimony.**

Plaintiff requests that on remand, the ALJ should be required to accept as true the testimony of plaintiff's brother regarding plaintiff's daily activities and functional limitations.

An ALJ is "required to consider and comment upon the uncontradicted lay testimony." Stout v. Commissioner, 454 F.3d 1050, 1053 (9th Cir. 2006). Here, the ALJ noted plaintiff's brother testified that plaintiff frequently lays down all day and/or stays in bed all day. The ALJ rejected the brother's testimony because it is "inconsistent with reported activities of daily living as well as [plaintiff's] clinical presentations and reports."

I reject plaintiff's request that her brother's testimony be credited as true on remand for the same reasons I rejected her request to credit her testimony as true. There is substantial evidence to support a finding that plaintiff has exaggerated the

11 - OPINION AND ORDER

severity of the pain she suffers, at least as to her migraine headaches. That finding calls into question her brother's testimony regarding plaintiff's need frequently to lay down and/or stay in bed all day, which, at the hearing, was attributed at least in part to migraine headaches.

**3.    Further development of the record re medical opinions as to plaintiff's physical and mental limitations.**

As noted above, there is ambiguity as to the extent to which plaintiff's combined impairments, including fibromyalgia, cervical spine abnormalities, and depressive disorder, limit her ability to work. Plaintiff notes correctly that none of the examining and/or treating medical sources provided an opinion as to the extent of any physical or mental functional limitations that might impact plaintiff's ability to engage in substantial gainful work activity. The only such evidence came from consulting, non-examining medical sources.

Consulting psychologists Peter LeBray, Ph.D., and Bill Hennings, Ph.D., reviewed the medical records and concluded plaintiff had a depressive disorder and somatoform disorder NOS, with mild restrictions and difficulties as to daily living activities, maintaining social functioning, and maintaining concentration, persistence, and pace.

Consulting physicians Charles Spray, M.D., and Martin Kehrli, M.D., reviewed the medical records and concluded that, as

a result of "Pain/Fatigue/Pos Tender Points," plaintiff is limited to lifting 20 pounds occasionally and 10 pounds frequently, standing, walking, and/or sitting six hours in an eight hour work day, with normal breaks, and unlimited pushing or pulling. They also noted plaintiff should avoid hazards because of her use of narcotic pain medications.

I agree with plaintiff that the record is ambiguous as to the impact of plaintiff's impairments on her functional limitations, and a remand that requires the ALJ to further develop the record by obtaining physical and mental functional limitation assessments from medical sources who have examined and/or treated plaintiff is appropriate.

### 4. Determination that plaintiff's condition meets Listing 12.04.

Plaintiff requests that, on remand, the ALJ should be required to find plaintiff's combined physical and mental impairments equal Listing 12.04. I reject that request. The record as it now stands does not support such a finding. The ALJ, on remand, is free to reconsider his prior determination on that issue.

## CONCLUSION

For all the reasons stated above, the court **GRANTS in part** and **DENIES in part** defendant's Motion to Remand (#24), and **REMANDS** this matter to the Commissioner for purposes of further

13 - OPINION AND ORDER

proceedings by the ALJ, including (1) Revising the Step Four Finding that plaintiff is able to perform her past relevant work; (2) making a Step Five Finding; and (3) obtaining opinions from appropriate examining and/or treating medical sources regarding plaintiff's mental and/or physical workplace limitations.

IT IS SO ORDERED.

DATED this 4th day of December, 2006.

                                                    /s/   Malcolm F. Marsh
                                              MALCOLM F. MARSH
                                              United States District Judge